IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EKON OKUDO,
    *Plaintiff*,

    v.

CAESARS LICENSE COMPANY, LLC,
    *Defendant.*

Civil No.: ELH-20-3434

**MEMORANDUM**

Ekon Okudo, the self-represented plaintiff, filed suit against defendant Caesars License Company, LLC ("Caesars"), asserting a claim under Title II of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000a *et seq.* ("Title II"). ECF 1 (the "Complaint"). Defendant has moved to dismiss the Complaint, pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6). ECF 6. The motion is supported by a memorandum (ECF 6-1) (collectively, the "Motion").

By Notice dated January 22, 2021 (ECF 7), plaintiff was informed of his right to respond in opposition to the Motion, due within 28 days. *Id.* at 1. Plaintiff was also informed in the Notice, as follows: "If you do not file a timely written response . . . the Court may dismiss the case or enter a judgment against you without further opportunity to present written argument." *Id.*

Plaintiff did not respond to the Motion. Therefore, on August 13, 2021, this Court directed plaintiff to file a response by September 3, 2021. ECF 8. Further, the Court advised that, if plaintiff failed to respond by that date, the Court would assume that he does not oppose the Motion. *Id.* at 2. To date, Mr. Okudo has not responded. *See* Docket.

No hearing is necessary to resolve the Motion. *See* Local Rule 105.6. For the reasons that follow, I shall grant the Motion.

## I.      Background

The factual basis for the Complaint is not complicated.  Plaintiff alleges that on September 25, 2020, he "attempted to visit the Horseshoe Baltimore Casino" (the "Casino") in Baltimore while carrying a "personal bag." ECF 1 at 4.  "Staff" informed plaintiff that "a security inspection" of his bag was required for entry into the Casino.  *Id.*  Plaintiff inquired as to why, and was told: "'All bags have to be checked.'"  *Id.*  He then pointed out to the "security guard" that several women were allowed to enter the Casino without undergoing "any bag inspections."  *Id.*  The security guard then indicated that bags used as purses are not checked.  *Id.*  In response, plaintiff asked, "'What's the difference from my bag and theirs and how do you know I'm not using my bag as a purse?'"  *Id.*  The security guard "laughed and stated[,] 'Men don't have purses.'"  *Id.*  Plaintiff was then told he was "holding up the line" and that if he "did not follow the policy" he would be "escorted off the grounds."  *Id.*  Thereafter, "[o]ut of fear and embarrassment[,]" plaintiff "decided to leave the casino."  *Id.*

Mr. Okudo filed this action approximately six weeks later, alleging that defendant's actions constituted a violation of Title II.  *Id.* at 3, 6.  He asks for a jury (*id.* at 1) to award him punitive damages in the amount of $20,000 because of defendant's "discriminatory practices[,] which resulted in a violation of [his] civil rights."  *Id.* at 5.

## II.      Standard of Review

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint.[1] *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006); *see In re Birmingham*, 846

---

[1] Defendant argues the Complaint should be dismissed pursuant to both Rule 12(b)(6) and Rule 12(b)(1).  *See* ECF 6-1 at 1.  Caesars raises a facial challenge to this Court's jurisdiction.  *Id.*  at 3-4 (arguing that plaintiff's allegations fail to adequately invoke this Court's federal question jurisdiction).  The thrust of defendant's argument asserts that because plaintiff's

F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Services Bd.,* 822 F.3d 159, 165-66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom.*, *McBurney v. Young,* 569 U.S. 221 (2013); *Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." *See Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)); *Ibarra v. United States,* 120 F.3d 472, 473 (4th Cir. 1997).

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2). *See Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a motion under Rule 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (citation omitted) ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); *see also Fauconier v. Clarke*, 996 F.3d 265, 276 (4th Cir. 2020); *Paradise Wire & Cable Defined Benefit Pension Plan v. Weil*, 918 F.3d 312, 317 (4th Cir.

---

Title II claim is plaintiff's only jurisdictional hook, and because that claim must fail, there is no basis for this Court's jurisdiction. *Id.*

Plaintiff has raised a claim under a federal statute. Therefore, I shall evaluate the validity of plaintiff's claim under Rule 12(b)(6).

2019); *Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017).  To be sure, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2).  *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.,* 574 U.S. 10, 10 (2014) (per curiam).  But, mere "'naked assertions' of wrongdoing" are generally insufficient to state a claim for relief.  *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citation omitted).

In other words, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013).  If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. "[A]n unadorned, the-defendant-unlawfully-harmed-me accusation" does not state a plausible claim of relief. *Iqbal*, 556 U.S. at 678. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotation marks omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co*., 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. Md. Transit Admin*., 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc*., 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, 565 U.S. 943 (2011).  But, a court is not required to accept legal conclusions drawn from the facts.  *See Papasan v. Allain*, 478 U.S. 265, 286 (1986);

*Glassman v. Arlington Cnty.*, 628 F.3d 140, 146 (4th Cir. 2010). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

In deciding a Rule 12(b)(6) motion, courts ordinarily do not "'resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses'" through a Rule 12(b)(6) motion. *Edwards*, 178 F.3d at 243 (quoting *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)). However, "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Goodman v. Praxair, Inc.,* 494 F.3d 458, 464 (4th Cir. 2007) (en banc); *accord Pressley v. Tupperware Long Term Disability Plan*, 553 F.3d 334, 336 (4th Cir. 2009). Because Rule 12(b)(6) "is intended [only] to test the legal adequacy of the complaint," *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst,* 4 F.3d 244, 250 (4th Cir. 1993), "[t]his principle only applies . . . if all facts necessary to the affirmative defense 'clearly appear[ ] *on the face of the complaint*.'" *Goodman*, 494 F.3d at 464 (quoting *Forst*, 4 F.3d at 250) (emphasis in *Goodman*) (citation omitted).

In reviewing the Motion, I am mindful that plaintiff is self-represented. Therefore, his pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P.*

*Morgan Chase Bank, N.A*., DKC-10-3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."), *aff'd*, 526 F. App'x 255 (4th Cir. 2013).

## III.   Discussion

The suit is founded on Title II of the Civil Rights Act of 1964.  ECF 1 at 3.  Title II concerns discrimination in places of public accommodation.  *See* 42 U.S.C. §§ 2000a *et seq*.  Defendant has moved to dismiss, claiming that plaintiff "makes no reference to any of the classes protected under Title II . . . ."  ECF 6-1 at 1.  Caesars posits that plaintiff "may be attempting to assert a claim for sex/gender discrimination," but notes that sex is not a protected class under Title II.  *Id.*  Moreover, defendant argues that plaintiff fails to state a claim as to the named defendant.  *Id.* at 2.

The Civil Rights Act of 1964 was enacted "to prevent . . . discrimination in voting, as well as in places of accommodation and public facilities, federally secured programs and in employment."  *Heart of Atlanta Motel, Inc. v. United States*, 379 U.S. 241, 246 (1964).  Title II of the Civil Rights Act contains seven sections.  Section 2000a(a) of 42 U.S.C. is titled "Equal access".  It provides: "All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of *race, color, religion, or national origin*."  (Emphasis added). *See also, e.g.*, *Stanford v. Halloway*, DKC-16-1355, 2017 WL 1048257, at *1 (D. Md. Mar. 20, 2017) ("Title II prohibits discrimination on the basis of race, color, religion, or national origin in places of public accommodation.").

The Act defines "place of public accommodation" in § 2000a(b), as follows:

Each of the following establishments which serves the public is a place of public accommodation within the meaning of this subchapter if its operations

6

affect commerce, or if discrimination or segregation by it is supported by State action: . . . (3) any motion picture house, theater, concert hall, sports arena, stadium or other place of exhibition or entertainment . . .

Section 2000a-2 of the Act is titled: "Prohibition against deprivation of, interference with, and punishment for exercising rights and privileges secured by section 2000a or 2000a-1 of this title." It provides:

No person shall (a) withhold, deny, or attempt to withhold or deny, or deprive or attempt to deprive any person of any right or privilege secured by section 2000a or 2000a-1 of this title, or (b) intimidate, threaten, or coerce, or attempt to intimidate, threaten, or coerce any person with the purpose of interfering with any right or privilege secured by section 2000a or 2000a-1 of this title, or (c) punish or attempt to punish any person for exercising or attempting to exercise any right or privilege secured by section 2000aor 2000a-1 of this title.

Section 2000a-3 of the Act authorizes a private right of action to enforce Title II. *See, e.g.*, *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 401 (1968) ("When the Civil Rights Act of 1964 was passed, it was evident that enforcement would prove difficult and that the Nation would have to rely in part upon private litigation as a means of securing broad compliance with the law. A Title II suit is thus private in form only."). However, and of import here, § 2000a-3 only authorizes suits for injunctive or declaratory relief; it does not permit suits for damages. *Piggie Park*, 390 U.S. at 402 ("When a plaintiff brings an action under [§ 2000a-3], he cannot recover damages."); *see also Rychenko v. Burnette*, No. 1:16-CV-00214-MR-DSC, 2017 WL 130001, at *2 (W.D.N.C. Jan. 12, 2017) ("42 U.S.C. § 2000a-3(a) clearly states that the only remedy available under Title II is injunctive or other preventative relief."), *report and recommendation adopted*, 2017 WL 872650 (W.D.N.C. Mar. 3, 2017); *Gennell v. Denny's Corp.*, 378 F. Supp. 2d 551, 556 (D. Md. 2005) ("Damages, however, are not available under § 2000a; '[o]nly injunctive and declaratory relief (and attorney's fees) may be awarded under Title II.'") (citation omitted).

7

Mr. Okudo alleges that defendant violated Title II because his entry into the Casino was made contingent upon his consent to a search of his bag by Casino staff members, whereas female patrons could enter the Casino without the imposition of this same condition. *See* ECF 1 at 4.  In essence, he complains that security personnel at the Casino treated him differently because of his gender. *Id.*  And, in plaintiff's view, "the defendant's discriminatory practice . . . resulted in a violation of [his] civil rights." *Id.* at 5.

But, as Caesars points out, Title II does not protect against discrimination on the basis of sex. ECF 6-1 at 4-6.  Rather, it proscribes discrimination on the basis of race, color, religion, and national origin. *See* 42 U.S.C. § 2000a(a). *See also Armstrong v. James Madison Univ.*, 5:16-CV-00053, 2017 WL 2390234, at *6 (W.D. Va. Feb. 23, 2017) (explaining that claims for discrimination on the basis of plaintiff's age and sex "are not properly brought under Title II"); *Wilson v. Twitter, Inc.*, 3:20-CV-00495, 2020 WL 5985191, at *2 (S.D.W. Va. Sept. 17, 2020) (same). For this reason, plaintiff fails to state a claim under Title II.

In addition, in his prayer for relief, Mr. Okudo asks for a jury to award him punitive damages, in the amount of $20,000.00. ECF 1 at 1, 5.  That is the only remedy he requests.  But, damages are not available pursuant to Title II; it provides only for injunctive or declaratory relief. *See Piggie Park*, 390 U.S. at 402 ("When a plaintiff brings an action under [§ 2000a-3], he cannot recover damages.").

And, as defendant notes, plaintiff's claim fails for a yet another reason: Mr. Okudo does not allege facts that, if true, would establish that Caesars "was in anyway involved in any event or transaction at issue."  ECF 6-1 at 6.  Indeed, plaintiff does not explain or even gesture to a connection between defendant and the actions described in the Complaint.  Rather, he merely lists Caesars as the named defendant. *See* ECF 1 at 1-2.  Without adequately describing such a

connection, plaintiff cannot show a sufficient factual basis that, if taken as true, would state a claim for relief "'that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

## IV.    Conclusion

For the reasons set forth above, I shall grant the Motion (ECF 6), without prejudice.  And, because plaintiff has not opposed dismissal, I shall direct the Clerk to close the case.

An Order follows, consistent with this Memorandum.


Date: September 10, 2021                              _____/s/_____
                                                      Ellen L. Hollander
                                                      United States District Judge